CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 1 9 2008

JOHN F. CORCORAN, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JEANNE Q. JACKSON, | ) |
| Plaintiff, | ) Civil Action No. 7:07CV00417 |
| v. | ) **MEMORANDUM OPINION** |
| ALLEGHANY COUNTY, et al., | ) By: Hon. Glen E. Conrad |
| | ) United States District Judge |
| Defendants. | ) |

This case is presently before the court on the plaintiff's motion to remand. The court held a hearing on the plaintiff's motion on February 6, 2008. For the reasons that follow, the plaintiff's motion will be denied.

## Background

On June 27, 2006, the plaintiff, Jeanne Q. Jackson, filed her first action in the Circuit Court of Alleghany County pertaining to the termination of her employment with the Alleghany County Administrator's Office. The action was assigned Case No. CL06-181.

In the first action, Jackson solely asserted state law claims for fraud, conspiracy, defamation, and malicious prosecution. She named numerous defendants, including Alleghany County, Professional Network Services ("PNS"), and David Bailey. Jackson subsequently dismissed Alleghany County, PNS, and Bailey from the first action by order of non-suit entered January 22, 2007.

On July 20, 2007, Jackson filed a separate action in the Circuit Court of Alleghany County against Alleghany County, PNS, Bailey, and the Alleghany County Board of Supervisors, asserting that her claims "arise under 42 U.S.C. § 1983, the Fourteenth Amendment to the United

States Constitution and Article I, § 11 of the Constitution of Virginia." (Compl. at p. 1). Coincidentally, Jackson's second action was assigned Case No. CL07-181.

The County Attorney for Alleghany County received a copy of the complaint in the second action, by mail, on July 30, 2007. On August 28, 2007, Alleghany County and the Alleghany County Board of Supervisors (collectively referred to as the "County Defendants") filed their notice of removal in this court. On November 30, 2007, Jackson effected service of process on PNS. PNS subsequently filed a notice of joinder in removal on December 17, 2007.[1]

On January 17, 2008, Jackson moved to remand the action to the Circuit Court of Alleghany County. The court held a hearing on Jackson's motion on February 6, 2008. Five days later, Jackson filed an amended complaint, which PNS has moved to strike.[2]

## Discussion

To support the motion to remand, Jackson argues that the second action is "intimately related" to the first action, which remains pending in the Circuit Court of Alleghany County, and that both actions should proceed in the same court. In response, the County Defendants and PNS argue that the second action was properly removed, and that Jackson's motion to remand is untimely. For the following reasons, the court agrees with each of the defendants' arguments.

In deciding whether an action was properly removed to federal court, the court must consider the complaint as it existed at the time of removal. See Pinney v. Nokia, Inc., 402 F.3d 430, 443 (4th Cir. 2005) ("Because amendment occurred after removal, we look at the original

---

[1] In the notice of joinder in removal, PNS inadvertently referenced CL06-181 instead of CL07-181. However, it is clear from the record that PNS was joining in the removal of the second action, rather than the first action from which the company had already been dismissed.

[2] PNS's motion to strike the amended complaint is not presently before the court.

2

complaints rather than the amended complaints in determining whether removal was proper.") (citing Pullman Co. v. Jenkins, 305 U.S. 534, 537 (1939)). As previously stated, Jackson's second action is separate and distinct from the first action, in that the two actions have no defendants in common and the complaints assert different claims. Since the complaint in Jackson's second action asserts claims under 42 U.S.C. § 1983, the defendants were entitled to remove the action to federal court under 28 U.S.C. § 1441.

The County Defendants timely filed a notice of removal; the notice was filed within 30 days of the date on which they were served with a copy of the complaint, as required by 28 U.S.C. § 1446. At the time the notice of removal was filed, the other defendants had not been served, and the County Defendants noted this fact in the notice of removal.[3]

The record indicates that PNS was eventually served on November 30, 2007. PNS had thirty days from the time that it was served to join in the County Defendant's notice of removal. McKinney v. Bd. of Trustees of Maryland Comm. College, 955 F.2d 924, 928 (4th Cir. 1992); see also Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347 (1999) (holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by formal service"). PNS complied with this requirement by filing a notice of joinder in removal on

---

[3] Courts have "uniformly ruled" that § 1446(a) requires that all served defendants join in or otherwise consent to a notice of removal filed under § 1441. Brodar v. McKinney, 378 F. Supp. 2d 634, 636 (M.D. N.C. 2005) (citing cases). Consequently, courts have held that a notice of removal filed by less than all of the named defendants is defective if it fails to contain an explanation for the absence of co-defendants. Id.

3

December 17, 2007. As of this date, defendant Bailey has not been served, and thus, has no obligation to join in the removal.

Based on the foregoing, the court concludes that Jackson's second action was properly removed to this court. While the court may agree with Jackson's arguments as to why all of her claims related to the termination of her employment should be decided in the same forum, Jackson's arguments in this regard simply fail to provide a valid basis for remanding the second action to state court.

In any event, the court also concludes that Jackson's motion to remand is untimely. Pursuant to 28 U.S.C. § 1447(c), "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." In this case, Jackson's motion was not filed until January 17, 2008, more than four months after the County Defendants' notice of removal was filed.[4]

---

[4] The court notes that Jackson's motion would still be untimely, even if the court considered the date on which PNS filed its notice of joinder in removal as the date on which the thirty-day deadline began to run, since Jackson's motion was not filed until thirty-one days after PNS's notice was filed. While Jackson argues that the thirty-day deadline should be extended by three days, pursuant to Rule 6(e) of the Federal Rules of Civil Procedure, the court disagrees. As several courts have recognized, "Rule 6(e) is limited to those periods of time which are initiated by 'service of notice.' It is not extended to periods of time which are initiated by 'filing.'" Delew v. Las Vegas Metro. Police Dep't, 108 F. Supp. 2d 1146, 1148 (D. Nev. 2000) (holding that Rule 6(e) does not apply to the period for filing a motion to remand under 28 U.S.C. § 1447(c)); see also Pavone v. Mississippi Riverboat Amusement Corp., 52 F.3d 560, 566 (5th Cir. 1995) ("We agree with the [defendants] that Rule 6(e) does not extend the thirty-day period of § 1447(c), as that rule applies only when a party is required to act within a prescribed period after service, not after filing.") (emphasis in original); In re Edward Jones Holders Litig., 453 F. Supp. 2d 1210, 1213 (C.D. Cal. 2006) (same); Rashid v. Schenck Constr. Co., 843 F. Supp. 1081, 1084-1085 (S.D. W.Va. 1993) (same).

4

## Conclusion

For the reasons stated, the court will deny Jackson's motion to remand. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 19th day of February, 2008.

/s/ Judy Conrad
United States District Judge